UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)      MDL No. 2418

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in the three actions listed on Schedule A, all of which are pending in the Northern District of California, move to vacate our order conditionally transferring the actions to the District of New Jersey for inclusion in MDL No. 2418. Responding defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. oppose the motion.

In their motion to vacate, plaintiffs principally argue that transfer should not take place unless and until their pending motions for remand to state court are denied. As we frequently have held, however, the pendency of a remand motion is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

After considering all argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with actions in this litigation previously transferred to MDL No. 2418, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the District of New Jersey was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from allegations that the Bristol–Myers and Sanofi defendants falsely touted Plavix as providing superior cardiovascular benefits to those of aspirin, and knew or should have known, misrepresented, or failed to disclose various serious risks of taking Plavix (*e.g.*, heart attack, stroke, internal bleeding, or death)." *In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1379 (J.P.M.L. 2013). A review of the complaints in these three actions leaves no doubt that they share multiple factual issues with those already in the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for inclusion in the coordinated or consolidated pretrial proceedings.

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ Deputy Clerk

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

John G. Heyburn II
Chairman

| | |
|---|---|
| Paul J. Barbadoro | Charles R. Breyer |
| Sarah S. Vance | Ellen Segal Huvelle |

IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)     MDL No. 2418

## SCHEDULE A

Northern District of California

Vondell Bankert, et al. v. Bristol-Myers Squibb Company, et al.,
    N.D. California, C.A. No. 3:13-04003
Helen Yuan, et al. v. Bristol-Myers Squibb Company, et al.,
    N.D. California, C.A. No. 3:13-04010
Philip Lopresti, et al. v. Bristol-Myers Squibb Company, et al.,
    N.D. California, C.A. No. 3:13-04079